IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 6:10CR13 |
| CHRISTOPHER DISANTO. | § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On November 4, 2013, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Christopher Disanto. The government was represented by Jim Middleton, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk.

Pursuant to a written Plea Agreement, Defendant pled guilty to the offense of Possession with Intent to Distribute and Distribution of Cocaine, a Class C Felony. Count 1 carried a statutory maximum imprisonment term of 20 years. The United States Sentencing Guideline range, based on a total offense level of 14 and a criminal history category of I, was 15 to 21 months. On May 10, 2011, Chief District Judge Leonard Davis sentenced Defendant to time-served followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure for purposes of monitoring defendant's gainful employment in a lawful occupation, and substance abuse testing and treatment under the guidance of the U.S. Probation Office. Defendant completed the term of imprisonment and began his term of supervised release on May 10, 2011. On May 11, 2013, the conditions of supervision were modified to include 180 days in a community confinement center.

Under the terms of supervised release, Defendant was prohibited from using or possessing any unlawful controlled substance, and was required to participate in drug testing and

substance abuse treatment, remain in the community confinement center, and gain and maintain employment. In its petition, the government alleges that Defendant violated his term of supervised release through his admitted use and possession of methamphetamine and amphetamine while on supervised release and while in the County Rehabilitation Center.

Based on 5th Circuit case law, the Court can find that illicit drug use constitutes possession. If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing of a methamphetamine, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade B violation, the Court shall revoke probation or supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade B violation is 4 to 10 months. U.S.S.G. § 7B1.4(a).

Based on 5th Circuit case law, the Court can find that illicit drug use constitutes possession. If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing of amphetamines, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade B violation, the Court shall revoke probation or supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade B violation is 4 to 10 months. U.S.S.G. § 7B1.4(a).

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by using methamphetamine, amphetamines, and violating the rules and regulations of the County Rehabilitation Center, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the Court may revoke probation or supervised release, or extend the term of supervised release and/or modify

conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade C violation is 3 to 9 months. U.S.S.G. § 7B1.4(a).

At the hearing, Defendant pled true to the allegations set forth above. The government recommended seven months of imprisonment, plus 8 days of unserved community confinement with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Christopher Disanto be committed to the custody of the Bureau of Prisons for a term of imprisonment of seven months of imprisonment, plus 8 days of unserved community confinement with no supervised release to follow. The Court recommends incarceration in FCI Seagoville, Texas.

Defendant has waived his right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 6th day of November, 2013.**

_JOHN D. LOVE_
UNITED STATES MAGISTRATE JUDGE